UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC L. BROWN,<br><br>Defendant | No. 25-cr-10383 NMG<br><br>Violations:<br><br>Counts One and Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Three: Unlawful Monetary Transaction<br>(18 U.S.C. § 1957)<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INFORMATION

The United States Attorney alleges:

At all times relevant to this Information:

General Allegations

1. Defendant ERIC L. BROWN lived in Massachusetts. BROWN was a licensed Massachusetts psychologist. In 2021 and 2022, BROWN had taxable income of more than $250,000 and more than $389,000, respectively, largely from a successful psychology practice.

2. Victim 1, who was BROWN's relative, lived in Connecticut.

3. Victim 2 lived in Massachusetts. In October 2017, a drunk driver struck and seriously injured Victim 2.

1

4.  BROWN became Victim 2's psychotherapist to address a mental health condition that arose from of the accident. In that role, BROWN had a duty to act in Victim 2's best interest.

5.  In or about February 2022, Victim 2 asked BROWN to serve as the trustee of a trust benefitting Victim 2 ("the Trust"). The Trust's principal, which was Victim 2's share of a legal settlement from the accident, was initially $700,000. After becoming Victim 2's trustee, BROWN had exclusive control over the $700,000 that Victim 2 had entrusted to him. BROWN was required to use the money for Victim 2's health, support, and maintenance. As Victim 2's trustee, BROWN had a duty to act in Victim 2's best interest.

6.  Beginning in or about February 2022, BROWN deposited the Trust's assets with a family member ("the Advisor") who worked at an asset management firm in Essex County, Massachusetts.

Scheme to Defraud

*BROWN Falls Victim to a Romance Scam*

7.  In or about August 2023, BROWN started an online romantic relationship with a woman he knew as "Amy".

8.  Amy convinced BROWN to invest in precious metals and to fund his investments using cryptocurrency and bank wire transfers.

9.  In fact, "Amy" was a scammer, but BROWN believed otherwise at the time.

10. On or about September 22 and September 25, 2023, at Amy's prompting, BROWN converted approximately $25,000 of his own money to cryptocurrency and sent it to Fuex (Financial Urban Exchange LLC) Group Limited ("Fuex"), a purported financial technology company to which Amy directed him.

11. During the course of the scam, in order to gain BROWN's trust, Amy and unknown individuals behind Fuex sent BROWN records falsely suggesting that Amy also invested at the same time as BROWN and that BROWN's investments were profitable.

12. Beginning in or about October 2023, rather than investing his own money, BROWN lied to Victim 1, Victim 2, and Individual 1 (another of BROWN's relatives) to obtain money from each of them to invest with Amy.

*BROWN's Deceives Victim 1 to Obtain Money*

13. In or about October 2023, BROWN asked Victim 1 if BROWN could borrow $200,000. BROWN stated falsely to Victim 1 that the requested loan was to finance improvements on an office building BROWN owned in Newton, Massachusetts.

14. Victim 1 trusted BROWN, who had helped Victim 1 financially in the past, and he agreed to lend BROWN the $200,000 for the building improvements.

15. On or about October 12 and October 16, 2023, Victim 1 wired $200,000 to BROWN.

16. On or about October 19, 2023, at Amy's or Fuex's direction, BROWN wired $210,000, including the money BROWN borrowed from Victim 1, to a Hong Kong bank account.

*BROWN Deceives Victim 2 and the Advisor to Obtain Money*

17. On or about October 26, 2023, BROWN asked Victim 2 for her permission to invest the Trust's principal in a way that would earn the Trust better financial returns.

18. BROWN did not disclose to Victim 1 that he intended to invest the Trust's principal in precious metals using cryptocurrency or overseas bank wires; that a young woman

named Amy, whom BROWN had never met, was instructing BROWN on how to invest; and that BROWN believed that he was in a romantic relationship with Amy.

19.     Had Victim 2 known the facts alleged in paragraph 18 above, she would not have given BROWN permission to invest the Trust's money.

20.     On or about October 31, 2023, BROWN e-mailed the Advisor and stated falsely, "After speaking with [Victim 2], I have agreed to withdraw 600K from [the Trust's] account that she wants to apply to the purchase of a home."

21.     Thereafter—believing that BROWN was acting at Victim 2's direction—the Advisor liquidated $600,000 of the Trust's holdings and, on or about November 3, 2023, wired $600,000 to BROWN's personal account at Bank of America.

22.     On or about November 7 and November 8, 2023, as directed by "Amy" or others involved with the Fuex scam, BROWN wired the $600,000 that the Trust had been holding to benefit Victim 2 from his personal account at Bank of America to the Hong Kong bank account of SHENG PING CO. LIMITED.

23.     On or about December 27, 2023, at the direction of "Amy" or others involved with the Fuex scam—and only after sending $810,000 in Victim 1 and Victim 2's money abroad—BROWN wired approximately $305,000 of his own money to the Hong Kong bank account of WEIDEL LIMITED.

*BROWN Deceives Victim 1 Again to Obtain Money*

24.     On or about January 11, 2024, BROWN attempted unsuccessfully to withdraw $250,000 from what he believed was his investment with Fuex.

25.     On or about January 16, 2024, BROWN again attempted unsuccessfully to withdraw $250,000 from what he believed was his investment with Fuex.

26. On or about January 26, 2024, BROWN asked Victim 1 to borrow an additional $110,000 in connection with the same real estate improvements on the building in Newton. BROWN did not tell Victim 1 about Amy or that he instead intended to send Victim 1's money to a Hong Kong bank account in connection with his Fuex investments.

27. On or about January 29, 2024, BROWN wired $111,744, including the money Victim 1 had lent BROWN, from his personal account at Bank of America to the Hong Kong bank account of ZTMY LIMITED.

*Brown Deceives Another Relative, Individual 1, in an Attempt to Obtain Money*

28. On or about February 5, 2024, BROWN attempted unsuccessfully to withdraw $200,000 from what he believed was his investment with Fuex.

29. On or about February 9, 2024, BROWN e-mailed Individual 1 a request to borrow $150,000 "for a very short term loan". BROWN made several misrepresentations to Individual 1 regarding the proposed loan, including that BROWN:

    a. was in the process of consolidating his debts into one loan;

    b. had to first pay off an IRS tax debt that BROWN had incurred from cashing out his retirement plan prematurely; and

    c. would then obtain a substantial home equity loan to immediately pay back Individual 1.

30. Individual 1 refused to provide BROWN the money.

<u>COUNTS ONE AND TWO</u>
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney further alleges:

31. The United States Attorney re-alleges and incorporates by reference paragraphs 1 to 30 of this Information.

32. On or about the dates below, in the District of Massachusetts and elsewhere, the defendant,

ERIC L. BROWN,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit, wire transfers of Victim 1 and 2's funds to BROWN's Bank of America account in the United States as described below:

| Count | Approximate Date | Victim | Wire Amount | Transmitting Bank | Beneficiary |
|---|---|---|---|---|---|
| 1 | 10/12/2023 | 1 | $180,000 | Citibank | BROWN |
| 2 | 11/3/2023 | 2 | $600,000 | JPMorgan Chase | BROWN |

All in violation of Title 18, United State Code, Section 1343.

COUNT THREE
Unlawful Monetary Transaction
(18 U.S.C. § 1957)

The United States Attorney further alleges:

33.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 to 30 of this Information.

34.     On or about November 6, 2023, in the District of Massachusetts and elsewhere, the defendant,

ERIC L. BROWN,

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, that is, a $600,000 wire transfer from his Bank of America account to a Hong Kong bank account in the name of Sheng Ping Co. Limited, where such property was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count 2.

All in violation of Title 18, United States Code, Section 1957.

WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

35. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts 1 and 2, the defendant,

ERIC L. BROWN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

    a. $910,000, to be entered in the form of a forfeiture money judgment;

36. If any of the property described in Paragraph 35, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 35 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The United States Attorney further alleges:

37. Upon conviction of the offense in violation of Title 18, United States Code, Section 1957, set forth in Count 3, the defendant,

ERIC L. BROWN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. $600,000 to be entered in the form of a forfeiture money judgment;

38. If any of the property described in Paragraph 37, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 37 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

SETH KOSTO
Digitally signed by SETH KOSTO
Date: 2025.09.26 13:32:35 -04'00'

SETH B. KOSTO
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

September 26, 2025